IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 19, 2005

## STATE OF TENNESSEE v. PATRICK JOHN MARSHALL

**Appeal from the Circuit Court for Madison County**
**No. 03-587     Roger Page, Judge**

---

**No. W2004-01593-CCA-R3-CD  - Filed June 17, 2005**

---

The defendant, Patrick John Marshall, entered pleas of guilt to one count of possession of cocaine with intent to sell and one count of possession of marijuana in exchange for an effective sentence of twelve years, to be served on community corrections. The trial court later revoked the community corrections sentence and, after a sentencing hearing, imposed a Range II sentence of twenty years' incarceration. In this appeal, the defendant asserts that the sentence is excessive. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

David H. Crichton, Assistant Public Defender, for the appellant, Patrick John Marshall.

Paul G. Summers, Attorney General & Reporter; Benjamin A. Ball, Assistant Attorney General; and Jim Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 18, 2003, the defendant pled guilty to one count of possession of more than .5 grams of cocaine with intent to sell and one count of possession of marijuana. See Tenn. Code Ann. §§ 39-17-417(a)(4), -418(a). Pursuant to a plea agreement, the trial court imposed concurrent sentences of twelve years and eleven months and twenty-nine days, to be served on community corrections. On April 7, 2004, a community corrections violation warrant was filed wherein it was alleged that the defendant had violated the terms of his sentence by failing to pay court costs and fines, by failing to complete a drug and alcohol treatment program, and by failing to report his arrest for burglary, possession of a Schedule IV controlled substance, and public intoxication.

At the revocation hearing, Marcus Jones, the defendant's community corrections supervisor, testified that the defendant failed to pay any of the court costs or fines associated with his

convictions. Jones stated that the defendant also failed to report a new arrest and failed to complete a drug and alcohol treatment program. According to Jones, the defendant entered a residential treatment program at Aspell Manor in February of 2004, quit the program the following month without completing treatment, and was arrested one week later.

The defendant admitted that he had not paid the fines and court costs, explaining that he used the money instead to "g[e]t drunk and . . . d[o] cocaine." He also acknowledged having left the treatment program after doing drugs for "half the night" while out on a pass with his fiancée. He testified that he did not report his new arrest because the jailers would not allow him access the telephone number of his community corrections supervisor.

At the conclusion of the hearing, the trial court revoked the defendant's community corrections sentence based upon his failure to report the new arrest, his failure to pay court costs, and his failure to complete the drug rehabilitation program.

At the sentencing hearing, the defendant made an unsworn statement, see Tenn. Code Ann. § 40-35-210(6), claiming that he entered into the plea agreement against the advice of his counsel. He claimed that he was not really guilty of the crimes charged and entered pleas only because he wanted to be out of jail for the holidays. He explained that he violated the terms of his community corrections sentence only because of his drug and alcohol problem.

In arriving at a sentence of twenty years for the defendant's cocaine conviction, the maximum within the range, the trial court applied enhancement factors (2), that the defendant has a history of criminal convictions or criminal behavior in addition to that necessary to establish the appropriate range, and (9), that the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community. See Tenn. Code Ann. § 40-35-114(2), (9) (2003). The trial court determined that factor (2) was entitled to "great weight" and that factor (9) was not entitled to "a whole lot of weight."

In this appeal, the defendant asserts that the trial court erred by failing to apply a mitigating factor. He also argues that the application of enhancement factor (9) violates the requirements of Blakely v. Washington, 524 U.S. ___, 124 S. Ct. 2351 (2004).

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

The presumptive sentence for possession of more than .5 grams of cocaine with intent to sell, a Class B felony, is the minimum in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement factors but no mitigating factors, the trial court shall set the sentence at or above the presumptive term. Tenn. Code Ann. § 40-35-210(d). If there are mitigating factors but no enhancement factors, the trial court shall set the sentence at or below the presumptive term. Id. A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e). The sentence should then be reduced within the range by any weight assigned to the mitigating factors present. Id.

The defendant complains that the trial court erred by failing to apply mitigating factor (1), that the defendant's conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1). He argues that this factor is applicable because there is no proof that he actually attempted to sell any drugs. The state did not address the defendant's claim regarding the application of mitigating factor (1).

The record establishes that the defendant did not ask the trial court to consider the application of mitigating factor (1). In State v. Ross, our supreme court held that this factor may be applied to convictions for possession of cocaine when "(1) the conviction for possession is based only upon constructive possession, and (2) the threat of serious bodily injury is more conceptual than real." 49 S.W.3d 833, 848 (Tenn. 2001).

Here, the defendant claimed at the sentencing hearing that he did not actually possess the drugs that formed the basis for his convictions and that the drugs instead belonged to Paul Williams, who was a passenger in the car wherein the drugs were discovered. He contended that the car also belonged to Williams, who was a crack cocaine dealer. Although the defendant admitted at the plea submission hearing that there was a factual basis to support the convictions, none of the facts surrounding the convictions was placed into the record. The official version of the events contained in the presentence report summarizes the facts as follows:

> On 6/30/03, [at] approximately 1800 hours, [the investigating officer] reported to the Airways Motel, in reference to a suspect returning a stolen vehicle. According to the victim, Teresa Mullins, [the] suspect wanted a payment of $80.00 and threatened to shoot her if he didn't get it. On the scene, contact was made with Paul Williams. He was with another male identified as [the defendant]. Williams was taken into custody for auto theft.

When officers removed [the defendant] from the vehicle, to check for weapons, a small baggie containing what appeared to be crack cocaine was found, along with a baggie containing a leafy substance, possibly marijuana. [The defendant] was taken into custody and the vehicle was seized.

Under these circumstances, it would appear that the defendant was entitled to the application of this factor. In our view, however, this factor is entitled to little weight. Further, the record supports the trial court's determination that enhancement factor (2) was entitled to great weight. The presentence report establishes that the defendant has a lengthy criminal history including two convictions for attempted rape, two convictions for sexual battery, three convictions for possession of cocaine, and one conviction for driving under the influence. In consequence, the application of mitigating factor (1) does not warrant a modification of the sentence. See State v. Robert Wilson, No. 03C01-9209-CR-00305 (Tenn. Crim. App., at Knoxville, Mar. 22, 1993) (holding that "the existence of mitigating factors does not necessarily call for a reduced sentence if they are sufficiently outweighed by existing enhancement factors"); see also State v. Jeffrey Allen Partin, No. 01C01-9202-CC-00054 (Tenn. Crim. App., at Nashville, Sept. 11, 1992).

Finally, the defendant asserts that the application of enhancement factor (9) violates the requirements of Blakely v. Washington, 524 U.S. ___, 124 S. Ct. 2351 (2004). The state submits that the defendant has waived any challenge to his sentence under Blakely by failing to present it in the trial court. In the alternative, the state contends that the erroneous application of enhancement factor (9) was harmless beyond a reasonable doubt.

This court had previously held that the United States Supreme Court's opinion in Blakely called into question the continuing validity of our current sentencing scheme. In that case, the Court, applying the rule in Apprendi v. New Jersey, 566 U.S. 466, 490 (2000), struck down a provision of the Washington sentencing guidelines that permitted a trial judge to impose an "exceptional sentence" upon the finding of certain statutorily enumerated enhancement factors. The Court observed that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 2537. Finally, the Court concluded that "every defendant has a right to insist that the prosecutor prove to a jury [beyond a reasonable doubt] all facts legally essential to the punishment." Id. at 2543.

Recently, however, in State v. Edwin Gomez and Jonathan S. Londono, No. M2002-01209-SC-R11-CD, slip op. at 25 (Tenn. April 15, 2005), a majority of our supreme court held that "[u]nlike the statutes at issue in Blakely and Booker, a judicial finding of an enhancement factor in Tennessee does not affect the range of punishment to which a defendant is exposed." It is our view that the holding in Gomez does not permit any relief.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE